**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>John Doe, Jr.</u>

    v.                                         Civil No. 16-cv-103-PB

<u>Hillary Clinton, The Democratic</u>
<u>National Party, The New York</u>
<u>Times, and The Washington Post</u>

**REPORT AND RECOMMENDATION**

    Plaintiff John Doe, Jr., who has not provided the court with his name or address, has filed a complaint (doc. no. 1) alleging that defendants have committed fraud, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964 ("RICO").  The complaint is before the court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).  Plaintiff has also asked this court in the complaint narrative to appoint counsel to represent him in this case, and a request for preliminary injunctive relief, set forth in the Complaint (doc. no. 1), has been referred to the magistrate judge for a Report and Recommendation.

**Background**

    Plaintiff, a New Hampshire resident and registered Democrat, seeks temporary and permanent injunctive relief, to prevent the named defendants, and "all U.S. media," from

committing what he alleges is a practice of systemic fraud on the American public.  Plaintiff alleges that defendants, as well as all mainstream media outlets, have committed fraud by lying to voters, media consumers, and the public at large; failing to fully disclose their financial conflicts of interest; and perpetuating the delegate system, and the use of superdelegates, to select the Democratic Party's candidate for the President of the United States.

## Discussion

### I. Preliminary Review

#### A. Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

#### B. RICO

"The RICO statute creates a cause of action for an individual whose property or business interest has been injured by a defendant's violation of 18 U.S.C. § 1962, which prohibits

2

racketeering activity and conspiring to commit racketeering activity." Bougopoulos v. Altria Grp., Inc., 954 F. Supp. 2d 54, 66 (D.N.H. 2013) (citing 18 U.S.C. §§ 1962(c, d), 1964(c)); see also Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006).  Here, plaintiff has not alleged that he has suffered any injury to his business or property as a result of the actions that he alleges violate RICO.  Accordingly, plaintiff cannot maintain RICO claims against the defendants.

    C.    Class Action

Plaintiff seeks to pursue this matter as a class action, "if necessary."  As the only signatory to the complaint, however, plaintiff is the only person deemed by this court to be a plaintiff at this time.  See Fed. R. Civ. P. 11(a) (requiring personal signature of unrepresented party on each filing).  Further, in this court, pro se plaintiffs cannot litigate on behalf of others.  See 28 U.S.C. § 1654; LR 83.2(d).  Accordingly, plaintiff cannot advance claims on behalf of a class.

**II.  Preliminary Injunction Request**

Plaintiff has requested an "immediate injunction" in this matter.  A plaintiff seeking preliminary injunctive relief must demonstrate that "'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

3

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  "'[T]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'"  Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (citation omitted).  The movant bears the burden of proof on a motion for preliminary injunction.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

Plaintiff has failed to assert a cognizable RICO claim. Further, the court cannot reasonably infer any other cause of action upon which plaintiff seeks relief in this matter. Plaintiff has not demonstrated a likelihood of success on the merits of any claim in this case, and therefore, his request for an injunction should be denied.

### III. Appointment of Counsel

Plaintiff requests that the court appoint counsel to represent him in this matter.  First, the request will be moot if the district judge approves the recommendation of dismissal herein.  Second, there is no federal constitutional right to counsel in a civil case.  The court generally has discretion to

4

deny an appointment, unless the indigent litigant shows that his case presents exceptional circumstances, such that fundamental unfairness, impinging upon the right to due process, is likely to result if counsel is not appointed. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Plaintiff has not shown that there are exceptional circumstances in his case, warranting the appointment of counsel. Plaintiff's request for appointed counsel should be denied.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (doc. no. 1), and deny plaintiff's requests for injunctive relief and appointed counsel. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 23, 2016

cc: John Doe, Jr., pro se